NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINA VIOLANTE, and ANIELLO VIOLANTE,<br><br>*Plaintiffs*,<br><br>v.<br><br>TARGET CORPORATION d/b/a TARGET OF WATCHUNG, and CANADA DRY BOTTLING COMPANY OF NEW YORK, LP, and ELITE BEVERAGE OF NEW JERSEY, LLC, and ABC CORPORATION(S) (2-10), and JOHN DOE(S) (1-10),<br><br>*Defendants*. | **OPINION & ORDER**<br><br>No. 2:17-cv-04075 (WHW)(CLW) |

**Walls, Senior District Judge**

Defendant Elite Beverage of New Jersey LLC moves to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 28. The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78. Defendant's motion is deemed moot because the Court does not have subject matter jurisdiction. The case is remanded.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs originally filed this action on April 17, 2017, in the Superior Court of New Jersey in Union County under Docket No. UNN-L-1552-17. ECF No. 1 (Notice of Removal) at ¶ 1. Plaintiff Dina Violante claimed that she suffered "severe personal injuries" "[a]s a direct and proximate result of the negligence of the defendants" when she was at Defendant Target Corporation's premises in Watchung, New Jersey. *Id.* at Ex. A. At the time of the original filing in state court, Plaintiffs named as defendants "Target Corporation d/b/a/ Target of Watchung,

1

ABC Corporation(s) (1-10) and John Doe(s) (1-10)." *Id.* at Ex A. Defendant Target, a Minnesota corporation, removed to this Court on June 6, 2017, pursuant to diversity jurisdiction. *Id.* at ¶¶ 8-14. Plaintiffs moved to amend their complaint on April 20, 2018. ECF No. 11. The motion was granted. ECF No. 12. Plaintiffs filed their amended complaint on May 15, 2018. ECF No. 13. In it, Plaintiffs added the Canada Dry Bottling Company of New York, LP, as a defendant. *Id.* Plaintiffs then again moved to amend their complaint on November 13, 2018, ECF No. 24, in order to "include Elite Beverage of New Jersey, LLC as [a] defendant previously identified as a fictitious defendant in plaintiffs' First Amended Complaint." *Id.* at 1. Plaintiffs stated that after speaking with counsel for defendant Canada Dry, they discovered that Elite Beverage "is the exclusive distributer of Canada Dry products to Target of Watchung and therefore is or may be directly responsible for…designing the shelving display that collapsed and injured the plaintiff(s)." *Id.* at ¶ 2. All parties consented to Elite Beverage being added to the case. *See* ECF No. 21. On December 10, 2018, this Court granted Plaintiffs' request for leave to file its amended complaint. ECF No. 25. Plaintiffs filed their amended complaint on January 21, 2019, wherein Elite Beverage of New Jersey was named a defendant. ECF No. 32. Elite Beverage has moved to dismiss the claims against it on the ground that the complaint "fails to contain sufficient factual matter which, accepted as true, states a claim for relief that is plausible on its face." ECF No. 28 at ¶ 21.

## STANDARD OF REVIEW

"It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case, and, as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). It does not matter that, as here, no

NOT FOR PUBLICATION

party has raised the issue of jurisdiction since the case was originally removed to this Court. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). *See also Generational Equity LLC v. Schomaker*, 602 F. App'x 560, 561 (3d Cir. 2015) (stating that "a federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*")

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Per ECF Nos. 21 and 25, joinder of Elite Beverage was permitted. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Diversity of jurisdiction is a relatively easy test. If all plaintiffs are not completely diverse from all defendants, the Court does not have subject matter jurisdiction over the matter. "A challenge to subject matter jurisdiction may be raised at any point in the litigation, and, when the jurisdictional basis is diversity of citizenship, diversity is assessed as of the time the complaint was filed." *GBForefront*, 888 F.3d at 34. The operative complaint here is the Second Amended Complaint. "The citizenship of a corporation is both its state of incorporation and the state of its principal place of business." *Id.* Plaintiffs are residents of the state of New Jersey. *See* Plaintiffs' Second Amended Complaint (ECF No. 32). Defendant Elite Beverage of New Jersey, LLC, is a New Jersey Corporation. Besides its name, a cursory review of New Jersey corporations lists it as being incorporated in New Jersey as a limited liability company with Entity ID 0400695867 (when needing to "resolve a factual challenge" relating to diversity, a

3

district court "may look beyond the pleadings to ascertain the facts," *GBForefront*, 888 F.3d at 29). "Addition of a nondiverse party will defeat jurisdiction." *McCann v. Macy's Inc.*, No. 318CV851PGSLHG, 2019 WL 248883, at *2 (D.N.J. Jan. 17, 2019). Because both Plaintiffs and Elite Beverage are residents of the same state, diversity of citizenship is absent, and with it this Court's jurisdiction.

## CONCLUSION

Because there is no diversity of citizenship, this Court does not have subject matter jurisdiction over this matter. Defendant Elite Beverage's motion (ECF No. 28) is deemed moot, and pursuant to 28 U.S.C. § 1447(c), this matter is hereby **REMANDED** to the Superior Court of New Jersey, Union County under Docket No. UNN-L-1552-17.

DATE: 20 March 2019

William H. Walls

Senior United States District Court Judge